IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § | |
| v. | § § | EP-19-CR-1890-DB |
| RAFAEL NARCISO ALEMAN | § § | |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

On August 30, 2019, this Court held a bench trial in the above-captioned case. Defendant Rafael Narciso Aleman's ("Mr. Aleman") was present and represented by counsel. After questioning by the Court, Mr. Aleman indicated that he understood his rights and knowingly waived, in writing, his right to trial by jury. Waiver of Rights to Trial by Jury, ECF No. 22.

After hearing the evidence, the Court has determined that Mr. Aleman is guilty beyond a reasonable doubt of violating 8 U.S.C. § 1326(a) (illegal reentry). In accordance with Federal Rule of Criminal Procedure 23(c), the Court enters these Findings of Fact and Conclusions of Law with respect to Mr. Aleman.

## PROCEDURAL BACKGROUND

By a single count Indictment filed on June 19, 2019, the Grand Jury charged Defendant with illegally reentering the United States after having been previously removed in violation of 8 U.S.C. § 1326(a).[1] Indictment, ECF No. 10.

---

[1] Title 8 U.S.C. § 1326 provides in relevant part:
    (a) In general
    Subject to subsection (b), any alien who—
        (1) has been denied admission, excluded, deported, or removed or has departed the United States while an order of exclusion, deportation, or removal is outstanding, and thereafter
        (2) enters, attempts to enter, or is at any time found in, the United States, unless (A) prior to his reembarkation at a place outside the United States or his application for admission from foreign contiguous territory, the Attorney General has expressly consented to such alien's reapplying for

# FINDINGS OF FACT

Mr. Aleman and the United States of America ("the Government") stipulated to the following facts in writing and on the record during trial. Stipulation of Facts, ECF No. 23. The Court, therefore, makes the following findings:

1. That, on or about May 22, 2019, in the Western District of Texas, United States Border Patrol (hereinafter "USBP") agents observed five individuals use a rope ladder to climb over the border K2 fence approximately 3.2 miles west of the Ysleta Port of Entry in El Paso, Texas. USBP Agents Jacob Nunez and Joseph Ramos-Campanelli found the five individuals, including the abovenamed defendant, Mr. Rafael Narciso Aleman[,] in the Rio Bosque Wetlands.
2. That USBP Agents questioned Mr. Aleman as to his citizenship and immigration status to which he responded that he was a citizen of El Salvador without immigration documentation to allow him to remain in the United States.
3. That a review of the A-file and records checks of all the pertinent databases reflect that [sic] including and subsequent to Mr. Aleman['s] removal on May 28, 2010 through the date of his arrest, Mr. Aleman has not received the express consent to apply or re-apply for admission into the United States from the Attorney General nor the Secretary of Homeland Security.
4. Further, that additional records indicate that immigration officials physically removed Mr. Aleman to El Salvador from the United States once, [sic] on May 28, 2010, through Columbus, Georgia, as evidenced by a Form I-205, which includes a photograph of Mr. Aleman as well as a marking of his right index finger.
5. Finally, that prior to Mr. Aleman's physical removal, an officer employed by the Department of Homeland Security personally served him with a document entitled "Notice to Appear" ("NTA") on February 3, 2010. The putative NTA ordered Mr. Aleman to appear before an immigration judge for removal proceedings, but it did not provide a location, a date, and time for the removal hearing. On March 31, 2010, a Notice of Hearing was served by personal service (care of Custodial

---

admission; or (B) with respect to an alien previously denied admission and removed, unless such alien shall establish that he was not required to obtain such advance consent under this chapter or any prior Act, shall be fined under Title 18, or imprisoned not more than 2 years, or both.
8 U.S.C.A. § 1326(a) (West 2005).

> Officer) on the Defendant which notified him that his immigration case had been scheduled for a Master hearing before the Immigration Court on May 10, 2010 at 8:30am. On May 10, 2010, an immigration judge sitting in Lumpkin, Georgia, ordered Mr. Aleman removed from the United States. Mr. Aleman waived his right to appeal the Immigration Judge's order.

*Id.* at 1–2.

## CONCLUSIONS OF LAW

The Indictment in this case charges Mr. Aleman with violating 8 U.S.C. § 1326(a), which makes it a crime for an alien who has been removed from the United States to reenter the United States. For the Court to find Mr. Aleman guilty of this crime, the Government must prove each of the following beyond a reasonable doubt:

1. that Defendant was an alien at the time alleged in the Indictment; and

2. that Defendant previously had been excluded, removed, or deported from the United States; and

3. that, thereafter, he attempted to enter, entered, or was found in the United States; and

4. that Defendant had not received the consent of the Attorney General of the United States or the Secretary of Homeland Security to apply for readmission to the United States since the time of Defendant's previous exclusion, deportation, or removal from the United States.

8 U.S.C. § 1326(a).

The Court finds that the Government has proven beyond a reasonable doubt that Mr. Aleman was an alien at the time alleged in the Indictment; that Mr. Aleman previously had

been removed from the United States; that, thereafter, Mr. Aleman was found in the United States on May 22, 2019; and that Mr. Aleman had not received the consent of the Attorney General of the United States or the Secretary of Homeland Security to apply for readmission to the United States since the time of Mr. Aleman's previous removal.

Accordingly, the Court **HEREBY FINDS** Defendant Rafael Narciso Aleman **GUILTY BEYOND A REASONABLE DOUBT** of the crime charged in the Indictment in this case.

**SIGNED** this **5th** day of **September 2019.**

_____
**THE HONORABLE DAVID BRIONES
SENIOR UNITED STATES DISTRICT JUDGE**